IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TERENCE MOZLEY TRUITT, #110364                                         PETITIONER

VERSUS                                         CIVIL ACTION NO.  5:05cv154DCB-JCS

WARDEN RAYFORD HORTON,
STATE OF MISSISSIPPI and JIM HOOD                                     RESPONDENTS

MEMORANDUM OPINION

This matter is before the court, sua sponte, for consideration of dismissal.  Petitioner Terence Mozley Truitt, an inmate at the Holmes Humphreys Correctional Facility, Lexington, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

According to the response [document #7] the petitioner filed on October 12, 2005, he entered a guilty plea on March 1, 2005, and was convicted of manslaughter in the Circuit Court of Warren County, Mississippi.  As a result, he was sentenced to serve 20 years in the custody of the Mississippi Department of Corrections.  The petitioner presents the following grounds for habeas relief  in the instant petition:   (1) ineffective assistance of counsel; (2) the pre-sentencing investigation was "one-sided and very un-professional";  and (3) the steps used by the trial court judge to sentence the petitioner were not "reviewed wisely ."

As required by Haines v. Kerner, 404 U.S. 519 (1972), this court has liberally construed petitioner's allegations and has reached the following conclusion.

Petitioner is required to exhaust his available state remedies before he will be allowed to seek federal habeas relief.  28 U.S.C. § 2254 (b)(1)(A) & (c).  More specifically, he must present his claims to the state courts in such fashion as to afford those courts a fair opportunity to rule on the merits.  Picard v. Connor, 404 U.S. 270 (1977).   "An applicant shall not be deemed to have

exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254 (c).

Under Mississippi law, the petitioner does not have a right to a direct appeal to the Mississippi Supreme Court since he pled guilty. MISS. CODE ANN. § 99-35-101 (1972). However, the Mississippi Post-Conviction Collateral Relief Act, MISS. CODE ANN. §§ 99-39-1 to -29 (1972), as amended, provides the means through which petitioner may present his grounds for relief to the state courts. Petitioner is within the time limit to file a motion under that state statute. See MISS. CODE ANN. § 99-39-5 (2) (1972), as amended. Therefore, this court has determined after considering the petition and response that the petitioner has failed to meet the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A) & (c). Consequently, this habeas petition will be dismissed without prejudice.

The petitioner is advised that a state inmate challenging a conviction or sentence in this court by way of federal habeas corpus must present a petition that contains claims that have been exhausted in the state courts, to this court within the applicable period of limitation. 28 U.S.C. § 2244(d) and 28 U.S.C. § 2254. This court cannot consider a petition with unexhausted claims even if it is filed within the applicable period of limitation and likewise this court cannot consider claims that are exhausted if they are not filed within the applicable period of limitation.

A final judgment in accordance with this memorandum opinion shall be issued.

SO ORDERED, this the 8th day of November, 2005.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE